UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4109

RONALD M. RUBOTTOM,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, District Judge.
(CR-95-23-M)

Submitted: August 29, 1997

Decided: October 24, 1997

Before LUTTIG and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, Thomas
B. Murphy, Assistant United States Attorney, Raleigh, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a bench trial, Ronald M. Rubottom was convicted of disregarding a lawful order or signal of an authorized official directing, controlling or regulating the movement of traffic on a national wildlife refuge and of operating a motor vehicle while under the influence of intoxicating beverages or controlled substances on a national wildlife refuge.* Rubottom now appeals the denial of his motion to suppress the prearrest statement he gave to Officer Ponz.

Rubottom was not given a Miranda v. Arizona, 384 U.S. 436, 444 (1966), warning before he answered Officer Ponz's questions. Rubottom claims that the admission of his statements against him at trial constituted a Miranda violation. See Berkemer v. McCarty, 468 U.S. 420, 440 (1984) (stating that Miranda is triggered when roadside detention and questioning are elevated to custodial interrogation). The Government argues that there was no Miranda violation because Rubottom was not subject to a custodial interrogation when he made the statements, but rather, was subject to a stop pursuant to Terry v. Ohio, 392 U.S. 1, 30-31 (1968).

After a review of the record, we conclude that Officer Ponz's stop of Rubottom did not exceed the bounds of a Terry stop. Officer Ponz's observation of Rubottom lighting a marijuana pipe in a van parked the wrong way on the shoulder of the road warranted a Terry stop to confirm or dispel the suspicion of criminal activity. See United States v. Cortez, 449 U.S. 411, 418 (1981). Officer Ponz's grabbing of Rubottom's arm when Rubottom tried to flee did not elevate Officer Ponz's lawful stop into a custodial arrest for Miranda purposes. See United States v. Leshuk, 65 F.3d 1105, 1109-10 (4th Cir. 1995)

_____

*At the start of trial, Rubottom pleaded guilty to possession of a controlled substance on a national wildlife refuge.

2

(stating that "drawing weapons, handcuffing a suspect, placing a suspect in a patrol car for questioning, or using or threatening to use force does not necessarily elevate a lawful stop into a custodial arrest"). Nor did Officer Ponz's chase and subsequent stop of Rubottom when he fled exceed the bounds of a Terry stop. See Leshuk, 65 F.3d at 1110. Further, Officer Ponz's questions did not elevate the stop to a custodial arrest. See Berkemer, 468 U.S. at 439 (stating that "moderate number of questions" may be asked "to try to obtain information confirming or dispelling the officer's suspicions"). Officer Ponz merely inquired as to what was going on, and the stop was comparatively nonthreatening. See United States v. Perdue, 8 F.3d 1455, 1464-65 (10th Cir. 1993) (finding that stop exceeded Terry where defendant was forced out of car and onto ground at gunpoint and was questioned in that position with police helicopters hovering overhead). Thus, because Officer Ponz's questions were neither coercive nor intimidating and the intrusion was limited, we find that Officer Ponz's actions did not elevate his lawful Terry stop into a custodial arrest for Miranda purposes. See Leshuk , 65 F.3d at 1110.

To the extent that Officer Ponz's routine traffic stop may have matured into a custodial interrogation, we conclude that the admission of Rubottom's statements against him at trial was harmless error. See Williams v. Zahradnick, 632 F.2d 353, 360 (4th Cir. 1980); see also Arizona v. Fulminante, 499 U.S. 279, 295-96 (1991). A review of the record indicates that Rubottom's statement did not materially contribute to his conviction and that the trier of fact would have convicted him had his statement not been admitted at trial. See Fulminante, 499 U.S. at 295-96. We find that the record contains overwhelming evidence supporting Rubottom's conviction of operating a motor vehicle while under the influence of alcohol or a controlled substance without Rubottom's statements to Officer Ponz. Thus, we conclude that even if the district court's denial of Rubottom's motion to suppress his statement was error, such error was harmless. See Williams, 632 F.2d at 360.

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid in the decisional process.

AFFIRMED

3